**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **SCHMIDT, HARALD,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LENDING CLUB BANK N.A.**<br><br>**Defendant.** | **Civil Action No.** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, LendingClub Bank N.A. ("Defendant" or "LendingClub"), by and through undersigned counsel, hereby removes Case No. GV24012526-00 in the General District Court for Prince William County, Virginia (the "State Court Action") to the United States District Court for the Eastern District of Virginia, Alexandria Division.  Removal of the State Court Action to this Court is proper for the following reasons:

### I.     INTRODUCTION

1.      On July 23rd, 2024, Plaintiff Harald Schmidt ("Plaintiff") commenced an action against Defendant by filing a Warrant In Debt ("Complaint") in the General District Court for Prince William County, Virginia styled *Harald Schmidt v. LendingClub Bank N.A.*, Case No. GV24012526-00.

2.      A true and correct copy of all process and pleadings allegedly served and/or filed in the State Court Action, including the Warrant in Debt (the "Complaint") are attached hereto as **Exhibit A**.

3.      Service of process has not been properly completed on LendingClub Bank N.A.

4. Defendant's removal of this case is timely pursuant to 28 U.S.C. § 1446(b) as Plaintiff has not completed formal service of process on LendingClub and therefore 28 U.S.C. § 1446(b)'s formal time requirement to remove has not begun to run.

5. Removal of this case is proper because specifically, in the Complaint, Plaintiff alleges "FRCA Violation & Contract Breach." The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* is a federal statute.

## II.     GROUNDS FOR REMOVAL

### A.     Federal Question Jurisdiction

7. Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. *See* 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

8. The FCRA is a federal statute, and the basis of Plaintiff's claim is that LendingClub committed a "FCRA violation."

9. LendingClub's position is that it did not violate any federal or state law as it relates to Plaintiff.

10. The parties' claims and defenses thus rest in part on an interpretation of 15 U.S.C. § 1681 *et seq*. Therefore, this case explicitly concerns federal law.

### B.     Supplemental Jurisdiction

11. In addition to his federal claims, Plaintiff also asserts that LendingClub committed a "contract breach."

12.     Upon information and belief, Plaintiff's state law claim stems from the same operative facts and forms part of the same case or controversy as his federal claim.  Thus, this Court has supplemental jurisdiction over that state claim.  *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

### III.     COMPLIANCE WITH STATUTORY REQUIREMENTS

13.     In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders allegedly served upon LendingClub from the State Court Action are attached hereto as **Exhibit A**.  Upon information and belief, no process, pleadings, or orders have been formally served upon LendingClub.

14.     This Notice of Removal is timely, as LendingClub has not been formally served through formal process with the summons and the Complaint.  Therefore, its thirty (30) day period to effectuate removal pursuant to 29 U.S.C. § 1446(b) has not begun to run.  *See Brown v. Nikloads, LLC*, 505 F. Supp. 3d 620, 625 (E.D. Va. 2020) ("[T]he defendant's time to remove commences when he or she receives both service of the summons and complaint through formal process. (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)).  Moreover, removal is proper because it is within one year of the commencement of this action as required by 29 U.S.C. § 1446(b).

16.     The United States District Court for the Eastern District of Virginia, Alexandria Division, is the federal judicial district encompassing the General District Court for Prince William County, Virginia, where this suit is currently pending.  Venue is therefore proper under 28 U.S.C. § 1441(a).

17.     Pursuant to the provisions of 28 U.S.C. § 1446(d), LendingClub will promptly file a copy of this Notice of Removal with the Clerk of the General District Court for Prince William County, Virginia, and will serve a copy upon Plaintiff.  A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

18.     Accordingly, pursuant to 28 U.S.C. §§ 1331 and 1441, the present lawsuit may be removed from the General District Court for Prince William County, Virginia and brought before the United States District Court for the Eastern District of Virginia, Alexandria Division.

19.     There are no co-defendants in this matter, and thus 28 U.S.C. § 1446(b)(2) is inapplicable.

## IV.     RESERVATION OF RIGHTS

20.     LendingClub denies any and all allegations contained in Plaintiff's Complaint or in any other filing in the State Court Action, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

21.     Further, in making the allegations in this Notice of Removal, LendingClub does not concede that service of process has been properly completed on LendingClub, LendingClub does not concede in any way that the allegations in the Complaint are properly raised against LendingClub, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

22.     LendingClub reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, LendingClub expressly requests the opportunity to present a brief, oral argument, and/or any further evidence necessary in support of its position that this action is removable.

4

WHEREFORE, having met all the requirements for removal, Defendant LendingClub Bank, N.A. respectfully removes this case from the General District Court for Prince William County, Virginia to the United States District Court for the Eastern District of Virginia, Alexandria Division, and seeks whatever further relief this Court deems equitable and just.

Date:  October 16, 2024                                  Respectfully submitted,

                                                          _/s/ Ethan G. Ostroff_____
                                                          Ethan G. Ostroff (VSB No. 71610)
                                                          Zachary A. Turk (VSB No. 97266)
                                                          Troutman Pepper Hamilton Sanders LLP
                                                          222 Central Park Avenue, Suite 2000
                                                          Virginia Beach, VA 23462
                                                          Telephone: (757) 687-7541
                                                          Facsimile: (757) 687-7510
                                                          Email: ethan.ostroff@troutman.com;
                                                          Email: Zachary.turk@troutman.com
                                                          *Counsel for Defendant LendingClub Bank N.A.*

## **CERTIFICATE OF SERVICE**

I certify that on the October 16, 2024, a true and correct copy of the foregoing *Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF electronic filing system and sent via Federal Express to the Plaintiff:

Harald Schmidt
8171 Honeybee Way, Apt. 204
Manassas, VA 20111
Telephone: (703) 901-7252

*Pro Se Plaintiff*

Dated:  October 16, 2024              */s/ Ethan G. Ostroff*_____
                                    Ethan G. Ostroff

6