UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION


HARALD SCHMIDT
Plaintiff, pro se


V                                                                    Civil Action No. 1:24-cv-01826


LENDING CLUB BANK N.A.
Defendant


FIRST AMENDED COMPLAINT

Comes now Plaintiff, Harald Schmidt, pro se sues Defendant LENDING CLUB BANK N.A.
And states as follows:


JURISDICTION

This Court has jurisdiction pursuant to its Federal questions Jurisdiction, 28 U.S.C PARAGRAPH
1331, and pursuant to the FAIR CREDIT REPORTING ACT, 15 U.S.C. PARAGRAPH 1681s, 15 U.S.C.
PARAGRAPH 1681p, 15 U.S.C 1666-1666j FEDERAL FAIR BILLING ACT, Virginia PARAGRAPH 6.2-
1520, 15 U.S.C. 1601 et seq, Regulation Z (12 CFR 1026), and CODE OF VIRGINIA, PARAGRAPH
59.1-507.1, BREACH OF CONTRACT.
The District of Virginia has personal Jurisdiction over Defendant because Defendant does
business in Virginia and its district, Defendant advertises in a variety of Media throughout the
the UNITED STATES, including Virginia, and many of the ACT'S complaint of and giving to the
Claims alleged herein occurred in this District.
Defendant intentionally avail themselves of the Markets within the State to render the
Exercise of Jurisdiction by this Court just and proper.

Venue is proper pursuant to 28 U.S.C. SECTION 1391 because Defendant conducts substantial
Business in this District, a substantial part of the evens and omissions giving rise of the claims
Alleged herein occurred in this District, and a substantial part of the property that is subject of
The action is situated in this District.

Action is being brought under, 28 U.S.C. PARAGRAPH 1331, 15 U.S.C. PARAGRAPH 1681s,
15 U.S.C PARAGRAPH 1681p, 15 U.S.C 1666-1666j, Virginia PARAGRAPH 6.2-1520,
15 U.S.C. 1601 et seq, Regulation Z (12 CFR 1026, and Code of Virginia, PARAGRAPH
59.1-507.1

## THE PARTIES

PLAINTIFF:

Plaintiff is a natural Person residing in the Commonwealth of Virginia as defined by
The FCRA 15 U.S.C. PARAGRAPH 1681a (c).

Harald Schmidt, is and individual Consumer, who resides in Manassas, Virginia since
2006 and the COMMONWEALTH OF VIRGINIA since 1982.
Plaintiff engaged in, or authorized the engagement of, LENDING CLUB BANK N.A.
Over the last 5 years, by making payments on a personal Loan, the subject too this Complaint.

Since the last 12 months, Plaintiff has spent time monitoring Defendant's actions and payment
Distributions to PRINCIPAL AND INTEREST as disclosed in the Contract in question, and has
Questioned Defendant several times and requested answers under 15 U.S.C. 1666-1666j
Without any satisfactory responses or results

DEFENDANT:

Defendant, LENDING CLUB BANK N.A. is a, MULTI BILLION DOLLAR ORGANIZATION,
Engaging in Consumer banking and making a different LOANS and other financial services
To the public

Defendant LENDING CLUB BANK N.A. is a CALIFORNIA BUSINESS, with its Principal Place
Of Business in California and continues to conduct Business in the EASTERN DISTRICT OF
VIRGINIA.

## COMPLAINTS FACT'S

1. On or before November 6th,2019 Plaintiff and Defendant agreed on a loan agreement
   LOAN NUMBER #161457507 PERSONAL LOAN without Collateral
   The Loan terms are as follows as outlined in the TILA AND PROMISSORY NOTE

   A) $20000 AMOUNT FINANCED
   B) $20364 FINANCE CHARGES
   C) 32.07 ANNUAL PERCENTAGE RATE
   D) 60 PAYMENTS AT 672.73 FIRST PAYMENT 12/03/2019

2. THE LOAN AGREEMENT AND PROMISSORY NOTE
   HAS: BREACH OF IMPLIED CONTRACT

   A) CONTRADICTING TERMS OF $21275 AND BORROW MEMBER ID:202193023
      NOT A LOAN NUMBER #161457507

B) THE $21275 PROMISSORY NOTE DOES NOT MATCH THE 60 PAYMENTS OF $673.73 AS OUTLINED IN THE TILA

C) THE PROMISSORY NOTE AND THE TILA HAVE CONTRADICTING TERMS AND AMOUNTS

D) AS OFF OCTOBER 17TH, 2024 PAYMENT THE REMAINING PAYMENTS BASED ON DEFENDANT'S OWN ADMISSION ARE 3 PAYMENTS EQUAL THE AMOUNT OF $$2018.19

E) DENFENDANT AS OFF OCTOBER 17TH, PAYMENT SHOWS AN OUTSTANDING BALANCE OF $$6983.68 WHICH RESULTS IN 6.51 ADDITIONAL PAYMENTS IN VIOLATION OF THE PROMISSORY NOTE AND THE TILA

F) THE TILA DISCLOSES A TOTAL AMOUNT OF INTEREST OF $20364 OVER 60 MONTH, YET AS OF OCTOBER 17TH, 2024 HAS PAID $23330.52 IN INTEREST THAT'S $3330.52 IN ACCESS OFF THE AGREED UPON INTEREST IN THE TILA

G) THE OUTSTANDING BALANCE AS OFF OCTOBER 17TH IS IN ACCESS OFF THE AGREED UPON TERMS BY 4386.75 PLUS THE OVERPAID INTEREST WOULD BRING THE AMOUNT OFF OVERPPAID INTEREST BASED ON THE TILA TO $7717.27

ALL TERMS AND CONDITIONS OF THE LOAN AGREEMENT #161457507 AND OR 2022193023 ARE CONTRIDICTING IN TERMS, LOAN AMOUNT, AND REPAYMENT TERMS
ONE STATES:60 MONTH AS DOES THE TILA, THE OTHER STATES 62 MONTH WHICH IS NOWHERE ON THE PROMISSORY NOTE OR DISCLOSED ON THE TILA
THE CONTRADICTING TERMS AND AMOUNTS NOT PROPERLY DISCLOSED BY DEFENDANT TO PLAINTIFF CONSTITUDE A BREACH OF CONTRACT, SO DOES THE OVERPAYMENT OF INTEREST AND THE ADDITIONAL 6.51 PAYMENTS BASED ON THE CURRENT OUTSTANDING BALANCE WHICH WOULD BRING THE TOAL OFF PAYMENT TO 66.51 PAYMENTS

3. VIRGINIA PARAGRAPH 6.2-1520

A) C.A. LICENSEE MAY CHARGE A LOAN PROCESSING FEE NOT TO EXCEED THE GREATER OF $50 OR SIX PERCENT OF THE PRINCIPAL AMOUNT OF THE LOAN PROVIDED THAT THE PROCESSING FEE SHALL IN NO EVENT EXCEED $150

4. FEDERAL FAIR BILLING ACT LAW 15 U.S.C. 1666-1666j

A) PLAINTIFF SINCE MARCH OF 2024 REQUESTED DEFENDANT TO PROVIDE THE REQUIRED DOCUMENTS AND EXPLANATIONS TO WHY THE BALANCE WAS HIGHER ON THIS LOAN THEN IT SHOULD

BE BASED UPON THE AGREED TERMS

B)  EVEN AS LATE AS AUGUST 25TH, 2025 PLAINTIFF SENT A REQUEST PURSUANT TO 15 U.S.C. 1666-1666j TO COUNSEL FOR DEFENDANT MR. TURK, AFTER DEFENDANT RETAINED COUNSEL AND EVEN THEN NO RESPONSE WAS PROVIDED ON 4 DIFFERENT OCCAISONS WITHIN THE LAW REQUIRED 60 DAYS NOR WAS ANY EXPLANATION GIVEN OF THE ERROR AND OR ANY ACTION TAKEN

5.  VIOLATION FCRA

A)  DEFENDANT IS REPORTING THE WRONG AMOUNT OF OUTSTANDING DEBT TO ALL 3 MAJOR CREDIT REPORTING AGENCIES BASED ON THE CONTRACT AND PAYMENTS MADE

B)  DEFENDANT HAS BEEN MADE AWARE OF SAID VIOLATION AND WILFULLY HAS IGNORED PLAINTIFF'S REQUEST TO

1 CEASE AND DESIST TO REPORT THE INACCURATE AMOUNTS

2 FAILED TO PROVIDE PROOF THAT THE AMOUNTS ARE ACCURATE

3 FAILED TO CORRECT THE WRONGFULLY REPORTED AMOUNTS

COUNT ONE

VIOLATION VIRGINIA
PARAGRAPH 6.2-1520

VIRGINIA PARAGRAPH 6.2-1520 STATES AS FOLLOWS

"C. A LICENSEE MAY CHARGE A LOAN PROCESSING FEE NOT TO EXCEED THE GREATER OF $50 OR SIX PERCENT OF THE PRINCIPAL AMOUNT OF THE LOAN PROVIDED THAT THE LOAN PROCESSING FEE IN NO EVENT EXCEED $150. THE LOAN PROCESSING FEE SHALL BE STATED IN THE LOAN CONTRACT. THE LOAN PROCESSING FEE SHALL NOT BE DEEMED THE CONSTITUTE INTEREST CHARGED ON THE PRINCIPAL AMOUNT OF THE LOAN FOR PURPOSES OF DETERMINING WHETHER THE INTEREST CARGED EXCEEDS THE 36 PERCENT ANNUAL CONTRACT INTERED RATE LIMITATION IMPOSED BY SUBSECTION

A.  UPON PAYMENT OF THE FULL AMOUNT OF PRINCIPAL DUE PLUS
ACCRUED INTEREST AND ANY OTHER APPLICABLE FEES WITHIN THE
FIRST 30 DAYS, WHETHER THROUGH OUTSIDE FUNDS OR A REFINANCING
UNDER A NEW LOAN, THE BORROWER SHALL BE INTITLED TO A FULL
REBATE OF THE LOAN PROCESSING FEE LESS AND AMOUNT NOT TO
EXCEED $50 OR THE ACTUAL LOAN PROCESSING FEE, WHICHEVER IS LESS.
IF A LOAN IS REFINANCED OR RENEWED, A LICENSEE MAY ASSESS AND
ADDITIONAL LOAN PROCESSING FEE ON THE LOAN NO MORE THAN ONCE
DURING ANY 12-MONTH PERIOD.

DEFENDANT CHARGED $1275 LOAN PROSSEING FEE WHICH IS $1125 ABOVE THE ALLOWED
AMOUNT UNDER VIRGINIA PARAGRAPH 6.2-1520

## COUNT TWO

### VIOLATION FAIR BILLING ACT
### 15 U.S.C. 1666-1666j

WHEN PLAINTIFF RELEALIZED IN THE BEGINNING OF 2024 THAT THEIR WAS A
MISTAKE IN THE AMOUNT OWED, PRINCIPAL PAID, INTERESTED PAID, HE
REQUESTED THE FOLLOWING FROM DEFENDANT UNDER 15 U.S.C. 1666-1666j

A.  COPY OFF ALL PAYMENTS MADE
B.  COPY OFF PRINCIPAL AMOUNT PAID
C.  COPY OFE ALL INTEREST PAID
D.  TOTAL AMOUNT OFF OUTSTANDING PAYMENTS
E.  TOTAL AMOUNT OFF OUTSTANDING PRINCIPAL
F.  TOTAL AMOUNT OFF OUTSTANDING INTEREST

THIS WAS ASKED FOR SEVERAL TIMES SINCE THE BEGINNING OF, 2024 AND AS LATE AS
AUGUST AND SEPTEMBER,2024 REQUEST UNDER 15 U.S.C 1666-1666j WAS SENT
TO MR TURK, COUNSEL FOR DEFENDANT, SINCE DEFENDANT RETAINED THEM AND
MR TURK REQUESTED THAT ANY AND ALL CORRESPONDENCE BE DIRECTED TO HIM

15 U.S.C. 1666-1666j ALLOWS 60 DAYS FROM THE REQUEST TO RESPOND, NEITHER
THE DEFENDANT OR COUNSEL FOR DEFENDANT ANSWERED, CORRECTED, REPLIED
OR GAVE EXPLANATION WITHIN THOSE 60 DAYS AND STILL HAVE NOT AS OFF TODAY
THEREFORE, THEY VIOLATED 15 U.S.C. 1666-1666j

COUNT THREE

VIOLATION TILA, 15 U.S.C. 1601 et seq.
REGULATION Z

THE TILA DEFENDANT PROVIDED IS DEFECTIVE, DECEPTIVE AND DOES
NOT MATCH THE TERMS ON THE PROMISSORY NOTE AND OR AMOUNT
OF INTEREST PAID, THE DISCLOSE IS INACCURATE AND DECEPTIVE ON
IT'S FACE, SINCE IT DOES NOT MATCH THE PROMISSORY NOTE

A.  TERMS ON TILA ARE
    AMOUNT FINANCED $20000
    FINANCE CHARGES $20364
    ANNUAL PERCENTAGE 32.07%
    TOTAL AMOUNT OF PAYMENTS $40364
    60 PAYMENTS AT $672.73 BEGINNING 12/06/219

THE PROMISSORY NOTE HAS 2 CONFLICTING TERMS

A.  60 PAYMENTS AT 672.73
    LOAN AMOUNT OF $21275 NOT $20000 AS ON TILA
    FIXED RATE OF 28.80% NOT AS TILA 32.07%
    THE PROMISSORY NOTE AND 60 PAYMENTS DO NOT
    REFLECT A FINANCED AMOUNT OF $21275 BUT AN AMOUNT
    OF $20000 THE TILA AND PROMISSORY NOTE HAVE CONTRIDICTING
    TERMS AND CONDITIONS AND IS THEREFORE DECEPTIVE AND OR
    WILFULLY DISCLOSED INACCURATELY FOR PLAINTIFF TO BE DECIVED
    ABOUT THE TERMS, CONDITIONS AND COST OF THE LOAN
    AND IS THEREFORE IN VIOLATION OF 15 U.S.C. 1601 et seq.

COUNT FOUR

VIOLATION FCRA 15 U.S.C. PARAGRAPH
1681s-2, 15 U.S.C. PARAGRAPH 1681p

PARAGRAPH 623. RESPONSIBILITIES OF FURNISHERS IN THIS CASE DEFEDANT
OF INFORMATION TO CONSUMER AGENCIES (15 U.S.C. PARAGRAPH 1681s-2)

A)  A PERSON SHALL NOT FURNISH ANY INFORMATION RELATING
    TO A CONSUMER AND ANY CONSUMER REPORTING AGENCY IF THE
    PERSON KNOWS OR HAS REASONABLE CAUSE TO BELIEVE THAT THE
    INFORMATION IS INACCUARTE

PLAINTIFF HAS ADVICED ON NUMEROUS OCCASIONS THAT THE REPORTED BALANCE ON IS LOAN IS INACCURATE, DEFENDANT DID:

A) NOT RESPOND WITHIN THE LAW REQUIRED 30 DAYS
   TO PLAINTIFF WITH ANY EXPLANATION AND OR CORRECTION

B) DEFENDANT CONTINUESLY IS STILL REPORTING UNTIL
   THIS DATE THE WRONG BALANCE AND HAS IGNORED
   ANY AND ALL REQUEST TO CORRECT IT

C) DEFENDANT HAS FAILED TO PROVIDE ANY DOCUMENTS AND
   OR ANY EXPLANATION AS OF THE INACCURATELY REPORTED
   BALANCE TO ALL 3 MAJOR CREDIT REPORTING AGENCY

DEFENDANT'S ACTION ARE WILFULL AND WANTON WITHOUT CAUSE AND VIOLATE THE RESPONSIBILITIES OF FURNISHING ACCURATE INFORMATION TO CONSUMER AGENCIES AND THEREFORE VIOLATES 15 U.S.C. PARAGRAPH 1681s-2 WILFULLY WITHOUT REMORSE AND REGRET FOR THE LAW

COUNT FIVE

VIOLATION CODE OF VIRGINIA
PARAGRAPH 59.1-507.1
BREACH OF CONTRACT

THE DEFENDANT VIOLATED THIS CODE BASED ON:

A) THE PROMISSORY NOTE/CONTRACT
   DOESN'T MATCH

   1. THE TILA DOESN'T MATCH THE CONTRACT TERMS AND
      CONDITIONS
   2. HAS CONTRADICTING PAYMENT TERMS
   3. HAS CONTRADICTING LOAN AMOUNTS
   4. HAS CONTRADICTING INTEREST AMOUNTS
   5. PLAINTIFF IS ASKED TO OVERPAY DISCLOSED INTEREST
      BY $7717.27
   6. PLAINTIFF IS ASKED TO MAKE ADDITIONAL 6.51 PAYMENTS
      TO PAY OFF THE LOAN IN CONTRIDICTION TO THE LOAN
      TERMS ON THE PROMISSORY NOTE AND THE TILA

SINCE THE TILA AND PROMISSORY TERMS ARE CONTRIDICTING THEMSELVES

THE LOAN AGREEMENT IS DECEPTIVE AND SINCE THEY DON'T MATCH
THE WHOLE CONTRACT SHOULD BE DECLARED INVALID AND ANY
AND ALL PAYMENTS MADE BE REFUNDED TO THE PLAINTIFF MINUS
THE PRINCIPAL AMOUNT PLUS INTEREST ON THE AMOUNTS PAID OVER
THE LAST 60 PAYMENTS AND 60 MONTH TERM

## PRAYER FOR RELIEF

WHEREFORE, PLANTIFF, HARALD SCHMIDT, PRO SE PRAYS THAT THIS HONORABLE
COURT ENTER JUDGMENT IN HIS FAVOR, AGAINST THE DEFENDANT, LENDING CLUB
BANK N.A. ON ALL COUNTS OF THIS AMENDED COMPLAINT

ACTUAL DAMAGES IN AN AMOUNT DETERMINED BY THE JURY

STATUATORY DAMAGES IN AN AMOUNT DETERMINED BY THE JURY

COMPENSATORY DAMAGES IN AN AMOUNT DETERMINED BY THE JURY

AND PUNITIVE DAMAGES IN AN AMOUNT DETERMINED BY THE JURY

FOR WILFULL NONCOMPLIANCE, DECEPTIVE BUSINESS PRACTICES OF STATE
AND FEDERAL LAWS AS OUTLINED IN THE FIRST AMENDED COMPLAINT

PLAINTIFF RESERVES HIS RIGHT TO AMED THIS COMPLAINT WITH THE APPROVAL
OF THIS HONORABLE COURT

## JURY DEMAND

THE PLAINTIFF DEMANDS TRIAL BY JURY AS TO HIS RIGHT TO TRIAL BY JURY

I ASKED FOR THIS ON THIS 5TH, DAY OF DECEMBER,2024

RESPECTFULLY SUBMITTED

HARALD SCHMIDT
PLAINTIFF, PRO SE