UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HARALD SCHMIDT,
             *Plaintiff,*

    v.

LENDING CLUB BANK N.A.
             *Defendant.*

No. 1:24-cv-01826-MSN-IDD

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's motion to dismiss. ECF 24. Plaintiff Harald Schmidt brings several claims against Defendant LendingClub Bank, N.A. ("LendingClub"), contending that Defendant's actions pertaining to an agreed upon personal installment loan violate both federal and state law. But Plaintiff has not, and likely cannot, allege facts that plausibly support his claims. For that reason, and for the reasons that follow, this Court will GRANT Defendant's motion to dismiss.

I.    **BACKGROUND**

    A.    **Factual Background[1]**

On or about November 6, 2019, Plaintiff entered into a personal installment loan with LendingClub. ECF 22 ("Amend. Compl.") at 2. According to Plaintiff, the loan terms included: (1) $20,000 amount financed; (2) $20,364 finance charges; (3) 32.07% annual percentage rate; and (4) 60 monthly payments of $672.73 with a first payment date of December 3, 2019. *Id.* The loan agreement itself shows that the loan had (1) a principal amount of $21,275.00; (2) an interest rate

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

of 28.80%; and (3) 60 monthly payments of $672.73 with a first payment date of December 6, 2019. ECF 24-1. And the Truth in Lending Disclosure Statement ("TILA Statement") provides that the (1) amount financed was $20,000; (2) annual percentage rate (i.e., the cost of credit as a yearly rate) was 32.07%; (3) finance charge was $20,364; (4) the total of all scheduled payments was $40,364; (5) total loan amount was $21,275.00; (6) origination fees were $1,275.00; and (7) total amount of fees paid to Plaintiff was $20,000. ECF 24-2.[2]

Plaintiff alleges that the loan agreement and TILA statement do not match and contain "contradicting terms." Amend. Compl. at 2. More specifically, Plaintiff claims that as of October 17, 2024, he owed $2,018.19, not the $6,983.68 shown on his balance. *Id.* at 3. Plaintiff also claims that he overpaid the interest due on the account by $3,330.52. *Id.* Plaintiff calculates that his total overpaid interest (the outstanding balance as of October 17 <u>plus</u> the overpaid interest) amounts to $7,717.27. *Id.*

**B.      Procedural History**

Plaintiff commenced an action against LendingClub on July 23, 2024, in the General District Court for Prince William County, Virginia. ECF 1. LendingClub removed the case, which the Court consolidated with another related action. ECF 10. LendingClub then moved for a more definite statement, which this Court granted. ECF 11 & 14. Plaintiff moved to file an amended complaint on December 5, 2024, and shortly thereafter moved for a preliminary injunction. ECF 15 & 19. The Court accepted Plaintiff's amended complaint (ECF 21),[3] which alleged violations

---

[2] The Court may consider **both** the loan agreement and the TILA Statement on a motion to dismiss because Plaintiff referenced the documents in his complaint. *See Shooting Point, L.L.C. v. Cumming*, 238 F. Supp. 2d 729, 736 (E.D. Va. 2002) ("[T]he court may consider dispositive documents that are either attached to, or referenced in, the complaint.").

[3] And the Court found that the amended complaint complied with its order granting Defendant's motion for a more definite statement. ECF 21.

of (1) Virginia Code Section 6.2-1520 (Count One); (2) the Fair Credit Billing Act ("FCBA")[4] (Count Two), (3) the Truth in Lending Act ("TILA") (Count Three), (4) the Fair Credit Reporting Act ("FCRA") (Count Four); and (5) Virginia Code Section 59.1-507.1 (Count Five). ECF 22 at 4-8.

Defendant opposed Plaintiff's motion for a preliminary injunction and moved to dismiss each claim. ECF 23 & 24. The Court denied the preliminary injunction, on the grounds that injunctive relief is not available to private plaintiffs under FCRA and Plaintiff could not seek relief under the FCBA. ECF 29. Now, the Court turns to Defendant's motion to dismiss.

## II.    LEGAL STANDARD

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

## III.    ANALYSIS

In Plaintiff's opposition to Defendant's motion to dismiss, he "concede[s]" to dismissal of the first two counts. ECF 30 at 2. Accordingly, the Court will dismiss those claims and turn to the remaining counts: Plaintiff's claims under TILA, FCRA, and Virginia law.

---

[4] Although Plaintiff references the "Fair Billing Act," based on the citations included in Plaintiff's Amended Complaint (ECF 22), this Court understands that Plaintiff alleges a violation of the Fair Credit Billing Act, 15 U.S.C. §§ 1666-1666j.

### A.    TILA

Plaintiff contends that the TILA Statement provided on November 6, 2019 was "defective" and "deceptive" and "does not match the terms on the promissory note and or amount of interest paid." Amend. Compl. at 6. But Plaintiff fails to assert a violation of a specific provision of TILA. Rather, Plaintiff simply alleges a violation of "TILA, 15 U.S.C. 1601 et seq. Regulation Z."[5] *Id.* That is insufficient to state a claim under TILA. *See Burkhead v. Wachovia Home Mortg.*, 2013 WL 2156472, at *6 (E.D. Va. May 17, 2013) (dismissing complaint when Plaintiff failed to "explain how any of her allegations actually relate to any concrete TILA requirements"); *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 462 (E.D. Pa. 2009) ("Because plaintiffs' claim rests on a bald conclusion of law concerning defendants' alleged failure to disclose the amount financed, plaintiffs have failed to set forth a claim of a TILA violation on this basis[.]"). In any event, Defendant appears to have complied with the requirements of TILA by providing the requisite disclosure at the time the loan was consummated. *See Luther v. Wells Fargo Bank*, 2012 WL 4405318, at *7 (W.D. Va. Aug. 6, 2012) ("[TILA] requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights.") (internal quotations and citation omitted).

Furthermore, even if Plaintiff plausibly alleged a violation of a specific provision of TILA, his claim would be barred by the one-year statute of limitations period. TILA violations must be brought within one year from the date of the ***alleged violation***. *See Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278 (4th Cir. 2012) ("Section 1640(e) provides a one-year statute of limitations

---

[5] "The Board of Governors of the Federal Reserve System issued Regulation Z to implement the mandates and directives of TILA." *Stephens v. Bank of Am. Home Loans, Inc.*, No. 5:16-CV-660-F, 2017 U.S. Dist. LEXIS 10228, at *10 (E.D.N.C. Jan. 25, 2017).

for the filing of a suit once a violation of TILA has occurred.").[6] Here, the alleged violation is the date that Plaintiff entered into the loan agreement: November 6, 2019. *See Tucker v. Beneficial Mortg. Co.*, 437 F. Supp. 2d 584, 589 (E.D. Va. 2006) ("If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement." (internal quotations and citation omitted)). Accordingly, Plaintiff had until November 6, 2020 to bring any TILA violations claimed. He failed to do so, waiting until July 23, 2024 to file suit.[7] The Court must therefore dismiss his TILA claim.

## B.   FCRA

Plaintiff continues to paint with broad strokes, alleging a ***general*** violation of FCRA, "15 U.S.C. § 1681s-2," by quoting from Section 1681s-2(a)(1)(A). Amend Compl. at 6. But "[n]o private cause of action exists pursuant to subsections of FCRA other than subsection (b)." *Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 933 (E.D. Va. 2012); *see also Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 149 (4th Cir. 2008) ("FCRA explicitly bars private suits for violations of § 1681s–2(a).").[8] And Plaintiff fails to allege a violation of § 1681s-2(b), because he does not allege that he notified a consumer reporting agency of the dispute. *See Rossman v. Lazarus*, 2008 WL 8958318, at *4 (E.D. Va. Oct. 7, 2008) ("[Section] 1681s–2(b) … imposes duties on furnishers of credit information to a consumer reporting agency after the agency notifies the furnisher of a disputed claim."). Accordingly, the court must dismiss Plaintiff's FCRA claim.

---

[6] The same one-year TILA statute of limitations applies to Regulation Z, 12 C.F.R. § 226.1. *See Stephens*, 2017 U.S. Dist. LEXIS 10228, at *10.

[7] Plaintiff contends that he did not discover the TILA violation until March 2024 and that equitable tolling should apply. ECF 30 at 2. But Plaintiff fails to point to any fraudulent concealment on the part of Defendant to establish equitable tolling. *See Burkhead*, 2013 WL 2156472, at *7.

[8] Plaintiff also alleges a violation of Section 1681p of FCRA, but that section involves the jurisdiction of the courts and the appropriate statute of limitations. 15 U.S.C. § 1681p. That subsection contains no private right of action, nor can it otherwise salvage Plaintiff's claim.

### C.    Breach of Contract

Lastly, Plaintiff alleges a breach of contract in violation of "Virginia Code Section 59.1-507.1." Amend. Compl. at 7. But Chapter 59 of the Virginia Code only applies to contracts for computer transactions, not financial services transactions. *See* Va. Code § 59.1-501.3; *see also Griffin v. Compass Group USA, Inc.*, No. 3:16-CV-917-JAG, v, at *2 n.2 (E.D. Va. June 30, 2017). The Court must therefore dismiss this claim as well.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's motion to dismiss (ECF 24) is GRANTED; it is further

ORDERED that Plaintiff's claims are dismissed with prejudice; and it is further

ORDERED that Plaintiff's requests for admission of documents (ECF 33 & 34) are DENIED.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

March 12, 2025
Alexandria, Virginia

6